UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| EDMUND CYRUS LONG,<br>    Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF<br>CORRECTIONS *et al.*,<br>    Defendants. | )<br>)<br>)<br>)  Case No. 4:22-cv-04066-SEM<br>)<br>)<br>)<br>) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Edmund Cyrus Long, who is incarcerated at Hill Correctional Center ("Hill"), filed a complaint [1] under 42 U.S.C. § 1983 and a motion for counsel [5] that are before the Court.

### I. COMPLAINT

### A. Screening Standard

Plaintiff's complaint is before the Court for merit review under 28 U.S.C. §1915A, which requires the Court to "screen" the complaint, and through such process, identify and dismiss any

legally insufficient claim or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Facts Alleged

Plaintiff identifies Hill and the Illinois Department of Correction as Defendants. However, Plaintiff cannot state a claim against a building. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (concluding that a building, such as a jail or a prison, cannot be sued under § 1983); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is

owned by a corporate entity or a government agency does not make the building a suable person under § 1983.").

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("[A] plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In addition to describing the claim, a plaintiff must also give "some indication . . . of time and place." *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004).

The Court's review reveals that Plaintiff's complaint alleges that he is being harassed because he has a previous conviction for aggravated battery of a white senior citizen. Plaintiff claims that the cause of this harassment was the replacement of Hill's African American warden with a Caucasian warden. However, as pleaded, Plaintiff's speculative and conclusory assertions do not permit the reasonable inference that a person committed a constitutional violation. *See Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014) ("Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law.").

Consequently, the Court dismisses Plaintiff's complaint because he fails to state a plausible claim under Rule 8. However, the Court grants Plaintiff leave to file an amended complaint. If Plaintiff elects to file an amended complaint, that filing must contain a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Court does not accept piecemeal amendments. Plaintiff's amended complaint must

stand independently without reference to his initial filing and must contain all claims against all defendants. In other words, Plaintiff's amended complaint must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

## II. MOTION TO RECRUIT COUNSEL

Plaintiff has also filed a two-page form requesting the recruitment of counsel [5]. Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances).

In considering a motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and[,] if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court denies Plaintiff's motion for recruitment of counsel because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

**IT IS THEREFORE ORDERED:**

1) **The Court DENIES Plaintiff's motion for counsel [5].**

2) **The Court DISMISSES Plaintiff's complaint [1] under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted.**

3) **The Court GRANTS Plaintiff leave to file an amended complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED June 10, 2022.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE